IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>[3] HÉCTOR FIGUEROA-CRUZ,<br>[6] IRAN E. FELICIANO-MATOS,<br>[8] ANTONIO DE JESÚS-DE JESÚS, AND<br>[9] FÉLIX RAMÍREZ-TORRES,<br>　　　　Defendants. | CRIMINAL NO. 08-163 (ADC) |

**REPORT & RECOMMENDATION**

　　Co-defendants [3] Héctor Figueroa-Cruz, [6] Irán E. Feliciano-Matos, [8] Antonio De Jesús-De Jesús, and [9] Félix Ramírez Torres filed motions to suppress certain audio recordings and their transcripts on inaudibility and inaccuracy grounds. (Docket 115, 117, 140, 148, 154). In particular, these co-defendants challenged the admissibility of recordings N-9, N-10, N-11, N-13, N-14, N-15, N-18.[1] On July 22, 2008, a hearing was held with defense counsel for these four co-defendants and Assistant U.S. Attorney Myriam Fernández present.

　　After listening to six of the seven recordings mentioned above at the pertinent portions brought by defense counsel to the court's attention, the undersigned finds that despite of the fact that some of these recordings contain loud background noise (such as, for example, music), none of them – with the exception of recording N-11 – reach the point where "the inaudible parts are so substantial as to make the rest more misleading than helpful." U.S. v. Carbone, 798 F.2d 21, 23 (1st Cir. 1986) (citations

---

[1] Even though originally not all of these co-defendants were requesting the suppression of all of these recordings, during the Carbone hearing all defense attorneys for these four co-defendants joined in said request.

omitted).[2] In that respect, it is respectfully recommended that the motion to suppress recordings N-9, N-10, N-13, N-14, N-15, N-18 on audibility grounds be denied, except for recording N-11.[3]

As to whether the transcripts provided by the government accurately state what is being heard in the recordings, the undesigned finds that some of defendants' contentions have merit and that the transcripts prepared by the government should be amended as follows:

I. **Recording N-9**

- Page 6, Tony's second entry which currently reads "Why not take a whole one?" should read "unintelligible".

II. **Recording N-10**

- No amendments to the transcript should be made.

III. **Recording N-11**

- The first five pages of the transcript cannot be discerned from the recording.
- Only the following segments of the transcript can be understood from the recording:

    (A) Page 6, from Antonio's first entry to page 7, CS' first entry.

    (B) Page 8, CS' second entry.

    (C) Page 10 in its entirety.

---

[2] The objections to recording N-14 were withdrawn by counsel. Therefore, the issues as to this particular recording have become moot.

[3] Although during the hearing conducted on July 22, 2008, the undersigned did not reach the conclusion that recording N-11 should be suppressed, after reviewing the few portions of the recording that are audible and upon reconsideration of defense counsel's motion, it appears that the inaudible parts of said recording are so substantial that the remaining portions are more misleading than helpful.

**IV.**     **Recording N-13**

- Page 2, the following segment in brackets of the transcript should be eliminated because it is speculative: "The CS is possibly by or inside such vehicle in motion."

- Page 2, the segment that reads "motion of the vehicle continues" should be replaced by "noise of vehicle in motion."

- Page 4, the following segment in brackets of the transcript should be eliminated because it is speculative: "The CS is heard as he walks... It seems like the CS opens a door and goes in a building."

- Page 4, the following segment in brackets of the transcript should be eliminated because it is speculative: "apparently in a business in which various different voices are heard."

- Page 7, CS' second entry, the second set of brackets should read: "[Background: Apparently starts an engine.]"

- Page 18, Irán's first entry, the word "point" should substitute the word "price".

- Page 20, the phrase in Spanish "por el rabito" cannot be heard from the recording and should either be eliminated or read "unintelligible".

- Page 22, the segment that reads in Spanish "Ellos están trayendo manteca" should be changed to "Ellos están bregando con gente acá."

- Page 22, the last entry by the CS where the transcript reads "For me?" is inaudible.

- Page 28, the entry by Félix that reads "You are messed up" is inaudible.

V.    **Recording N-15**

- On audibility grounds, the entire transcript should read "unintelligible" with the exception of the portion that runs from Héctor's first entry on page 3 ("U/I you remember ...") to Héctor's last entry on said page ("I took him a nike, I took it.")[4]

VI.   **Recording N-18**

- No amendments to the transcript should be made.

Although there were a few objections raised by counsel as to the identity of the speakers in some of the recordings, it is respectfully recommended that such matters be left for the jury to decide.

WHEREFORE, it is recommended that the motions filed by co-defendants [3] Héctor Figueroa-Cruz, [6] Irán E. Feliciano-Matos, [8] Antonio De Jesús-De Jesús, and [9] Félix Ramírez Torres (Docket 115, 117, 140, 148, 154) be DENIED IN PART as to the request to suppress audio recordings N-9, N-10, N-13, N-15, N-18, but GRANTED IN PART as to the accuracy of the transcripts and as to the request that recording N-11 be suppressed. In addition, since there are no objections pending as to recording N-14, the motion to suppress as to that particular recording should be deemed MOOT.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the

---

[4] The undersigned was also able to hear from the recording Irán's first entry on page 2 ("It looks like they are.")

4

right to review by the district court.  United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 4th day of August, 2008.

s/Marcos E. López  
U.S. MAGISTRATE JUDGE